STATE OF MAINE                          SUPERIOR COURT
KENNEBEC, SS.                           CIVIL ACTION
                                        DOCKET NO. AP-15-18


HAROLD SOUTHARD,

        Petitioner

    v.                                      **ORDER**

MAINE DEPARTMENT OF
CORRECTIONS et al.,

        Respondents


Before the Court is a M.R. Civ. P. 80C petition brought by a prisoner in the Maine State Prison. The petitioner asserts that his rights as a prisoner under the Constitution, the law, and the rules and policies of the prison were violated when he received disciplinary punishment on allegations of extortion and trafficking in illicit contraband.

The record indicates that, after an investigation by the law enforcement arm of the Department of Corrections, petitioner was charged with extortion and trafficking, both designated as Class A offenses under the Department of Correction Policy titled: Prisoner Discipline.[1] Petitioner was found guilty of both violations and received disciplinary segregation of thirty days on each offense.

---

[1] Because the disciplinary incident report specifically states the violation is (A) Extortion and (A) Trafficking, the Court concludes that these violations are as defined in the prisoner discipline policy, pages 18 and 21 of 25.

The petitioner appealed the decision to the Chief Administrative Officer, who found the violations to have occurred and discipline to be appropriate.

The report, upon which the discipline was based, explained that petitioner was contacting civilians outside of the prison, exchanging phone numbers of other inmates and civilians, and describing an amount of money to be exchanged. The petitioner is alleged to have made incriminating statements suggesting that he was attempting to acquire money from civilians for the activities family members. It is the conclusion of the investigating law enforcement officer that Mr. Southard was attempting to extort funds through family members for illegal trafficking in contraband.

Although the Court reaches no conclusion with respect to the implications of the investigative report recognizing the unique circumstances relating to discipline in the Maine State Prison, the Court has two concerns with respect to this record. One of the charges for which the petitioner was found guilty was that of extortion. Since this is a Class A offense under the prisoner discipline policy, the Court looks to that definition as, "The demanding and/or receiving anything of value, in return for protection of any kind, by threat or bodily harm or duress." The court finds no evidence in this report that demanding or receiving funds as alleged and found to have been conducted by Mr. Southard was "in return for protection of any kind."

Therefore, as a matter of the Department of Correction's own rule, the evidence submitted is not consistent with the definition of the rule.

Secondly, the petitioner alleges, and the record supports, that the disciplinary hearing was arbitrary and capricious and not supported by evidence, direct or indirect. The investigating officer's testimony was taken by telephone. In spite of the request by the petitioner to ask the witness questions, and he was the only witness called, the request was denied by the hearing officer.[2]

At oral argument, counsel for the respondent argued that the prisoners were only entitled to due process and that due process under the circumstances of a high security prison is very limited. The position of the Department, apparently, is that the plaintiff participating as a defendant in disciplinary hearing does not have the right to ask questions of the witnesses appearing against him. When the Court challenged counsel for the Department of Correction at oral argument that the failure on the part of the respondent to afford the petitioner an opportunity to ask questions of the prosecuting witness was mandatory under the provisions of 34-A M.R.S. § 3032, the response was silence. Counsel made no attempt to explain how the Rule of the Department making the right of cross-examination discretionary with the Hearing Officer is in compliance with 34-A M.R.S. § 3032(6)(E), "The

---

[2] Documents submitted on the part of the respondent states, "it is not clear from the hearing summary whether an additional witness, Corporal Ames, was called to testify or was merely contacted by the Hearing Officer for additional information."

3

client is entitled to question any witness who testifies at the hearing, which right may not be unreasonably withheld or restricted." It is clear the legislature has established the due process requirements in Title 34-A.

The Court finds no satisfactory basis to conclude that the Department of Corrections conducted "an impartial hearing," (*see* 34-A M.R.S. § 3032(6)), exercising "a high standard of fairness and equity," (*see* 34-A M.R.S. § 3032(1)).

The Court SUSTAINS the petition of the prisoner, REVERSES disciplinary matter MSB-2015-0142 and REMANDS the matter to the Department of Corrections with direction to conduct proceedings in compliance with 34-A M.R.S.A and its own rules.

Clerk may docket by reference.

DATED: January 17, 2016

JUSTICE, SUPERIOR COURT